961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Harry Ronald RICE, Defendant-Appellant.
 No. 91-5786.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 16, 1991
Decided: May 4, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-90-114-C)
 George V. Laughrun, II, GOODMAN, CARR, NIXON & LAUGHRUN, Charlotte, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Harry Ronald Rice was convicted by a jury of conspiracy to launder a friend's drug profits (18 U.S.C.A. § 1956(a)(1)(B)(i) (West 1984 & Supp. 1991)) and to defraud the United States of forfeitable property (26 U.S.C. § 7214 (1988)), of computer fraud, i.e. accessing the computer system of a government agency without authority (18 U.S.C.A. 1030(a)(3) (West 1976 Supp. 1991)), and of unauthorized disclosure of confidential information (18 U.S.C.s 1905 (1988)). He appeals his convictions and his sentence. We affirm.
 
 
 2
 Rice was an agent of the Internal Revenue Service (IRS) for many years. In 1987 he became aware that a longtime friend, Walter Dennis Purser, who was heavily involved in drug dealing, was attempting to avoid a possible forfeiture of his house by transferring it for no consideration to the name of Coy Allred, another old friend of both Rice and Purser. When Purser asked Rice's opinion of the transfer, Rice told him it was a good idea, but suggested that Purser and Allred draw up a promissory note to protect Allred by making the deal appear legitimate. Eventually, Rice prepared the promissory note himself.
 
 
 3
 Sometime later, worried that he might be the subject of a criminal investigation, Purser asked Rice to find out whether he was being investigated by the IRS and gave Rice his Social Security number. Although Rice was not in the criminal division of the IRS and was not authorized to obtain information about Purser, he did so. Rice showed the confidential computer printout he obtained to Purser, and later talked to the agent who was investigating Purser to find out what the codes on the printout meant. He subsequently told Purser that he was being investigated and that his garbage was being checked. Rice also disclosed the identity of the agent conducting the investigation. After this time, the investigating agent noticed that Purser's garbage no longer contained names or phone numbers.
 
 
 4
 When interviewed by federal agents, Rice admitted his acts but denied any criminal intent. He maintained at trial that he did not know with certainty that Purser was selling drugs until Purser's arrest.
 
 
 5
 On appeal, Rice asserts that there was insufficient evidence to support his convictions for conspiracy to conceal the ownership of Purser's house to avoid its possible forfeiture, and thereby to defraud the United States. He argues that he was simply advising friends about the transfer of the house, that he believed that the promissory note really was for construction work and that he had no idea anything illegal was involved. However, Allred testified flatly that Rice knew Purser was a drug dealer and that it was Rice who suggested the promissory note to protect Allred. Purser testified that he told Rice candidly that he was afraid of a criminal investigation before the promissory note was prepared. Viewed in the light most favorable to the government, Jackson v. Virginia, 443 U.S. 307 (1979), this evidence would allow a rational jury to find that Rice conspired with Purser and Allred.
 
 
 6
 In his closing argument, defense counsel pointed out that Purser had taken a polygraph examination, but that the government had not made the results known to the jury.* Before sending the jury out, the district court instructed the jurors that polygraph results were not admissible. Rice contends that the district court misstated the law and improperly bolstered Purser's testimony. However, the district court correctly stated the law in this Circuit. See United States v. A & S Council Oil Co., F.2d, No. 90-5239 (4th Cir. Oct. 18, 1991).
 
 
 7
 Finally, we find no error in the district court's factual determination that Rice had not accepted responsibility for his criminal conduct. At the sentencing hearing, Rice expressed remorse for showing bad judgment, but also attempted to explain and excuse his actions. We cannot say that he demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal actions. U.S.S.G. § 3E1.1(a).
 
 
 8
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 As part of his plea bargain, Purser agreed to take a polygraph test, if requested by the government. At trial, the government admitted the written plea agreement but did not question Purser whether he had actually taken the test. On cross-examination, defense counsel elicited from Purser that he had submitted to a polygraph test